UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

February 22, 2017
DCO-050

No. 16-4433

United States of America

v.

Frederick Banks,
Appellant

(W.D. Pa. No. 2-15-cr-00168-001)

Present:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit Judges</u>

1. Clerk's Submission for Possible Dismissal due to Jurisdictional Defect;

2. Response by Appellee USA to Clerk's Order regarding Possible Dismissal of Appeal;

3. Response by Appellant Pro Se to Clerk's Order regarding Possible Dismissal of Appeal.

Respectfully,
Clerk/clw

_____ORDER_____

Soon after being hospitalized pursuant to 18 U.S.C. § 4241(d), the appellant filed a pro-se motion under 18 U.S.C. § 4247(h) asking the district court to order his discharge. The motion was denied, and the appellant seeks review of that denial.

Like most other pre-trial orders, orders entered while a defendant is committed for treatment under § 4241(d) are not appealable unless they satisfy the criteria for being a collateral order. See Sell v. United States, 539 U.S. 166, 175–76 (2003) (finding order allowing involuntary medication during § 4241(d) hospitalization "was a pretrial order" and was appealable only because it met the collateral-order criteria). To be collaterally appealable, an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (internal quotation marks omitted). These are "stringent conditions" that must be observed "with the utmost strictness" in criminal cases. Flanagan v. United States, 465 U.S. 259, 265, 270 (1984). That is because the

policy against piecemeal appellate review is "at its strongest in the field of criminal law." United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982).

These criteria are not satisfied by the order on appeal here. The appeal is therefore DISMISSED for lack of appellate jurisdiction.

By the Court,

s/ Thomas I. Vanaskie
Circuit Judge

Dated: March 7, 2017
CLW/cc: Michael L. Ivory, Esq.
        Adrian N. Roe, Esq.

A True Copy:

Marcia M. Waldron, Clerk